## A96A1398. CARROLL v. THE STATE.
### (474 SE2d 737)

Judge Harold R. Banke.

Jessica Lacy Carroll pleaded guilty to homicide by vehicle, OCGA § 40-6-393, and serious injury by vehicle, OCGA § 40-6-394. On appeal, she argues that the trial court erred in refusing to allow her to withdraw her plea after she discovered that the State deliberately withheld exculpatory information from her in violation of *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

This case arose while the then 19-year-old Carroll was driving down a roadway during a heavy rainstorm with three passengers, two adults and a toddler. She lost control and the car overturned, ejecting and killing one adult and breaking the collarbone of another. No other vehicles and no drugs or alcohol were involved.

The record shows that Officer John Floyd investigated the accident. The roadway information sheet he completed after the accident indicated that the road and shoulder did not appear to contribute to the accident. At the preliminary hearing, he reiterated his conclusion that the roadway and shoulder had no impact on the accident, and calculated Carroll's speed at 70.84 mph in a 35 mph zone.

While Floyd was investigating this case, he had not yet completed his first class in accident reconstruction. In mid-December, he showed his speed calculations to his instructor, Officer David Roskind, who informed Floyd that the calculations were incorrect. Roskind, an instructor at the Regional Police Academy and coordinator for accident reconstruction at the Fulton County Training Center, teaches classes in accident reconstruction and critical speed analysis to law enforcement officers. Roskind recalculated Carroll's speed at 44.66 mph and the State so informed Carroll.

Floyd asked Roskind to be an expert witness at Carroll's trial and in April, during the week before the trial was scheduled, the men visited the accident site. After examining the site, the instructor informed Floyd that there was no evidence to support his calculation of Carroll's speed and that both the newly-paved roadway and the shoulder, which dropped off, contributed to the accident. Six days before the trial date, Floyd and Roskind advised the State that

Floyd's speed calculation was again incorrect. The instructor also informed the State it was not possible to calculate the speed based on the data Floyd had provided and he could not give expert testimony on the speed. They also discussed the shoulder drop-off. It is undisputed that the State failed to disclose this new information to Carroll before her scheduled trial date, the day she entered her guilty plea.

At the hearing on Carroll's motion to withdraw her plea, Floyd admitted that he and Roskind met with the prosecutor after viewing the accident site. Floyd testified that he knew the speed calculation of 44 mph was incorrect before Carroll entered her plea. Floyd also admitted that the injured passenger, who estimated Carroll's speed at 50 mph, had been sitting in the back seat and could not see the speedometer.

At the same hearing, Roskind testified that road defects, weather conditions, the presence of standing water, uneven pavement, and a sloping, soft shoulder had contributed to what was, in his opinion, an accident. Roskind emphasized that the angle of the shoulder's two to six inch drop-off created a negative super-elevation which made it harder to recover from a swerve off the road. Roskind also testified that Floyd was not qualified to do a critical speed determination in this case due to a lack of training and experience. *Held*:

*Brady*, 373 U. S. at 83, holds that suppression of exculpatory material evidence violates due process. To prove a *Brady* violation, the defense must establish that (1) the State possessed material evidence favorable to the defense; (2) the accused did not possess such evidence and could not through reasonable diligence obtain it; (3) the State suppressed the favorable evidence; and (4) a reasonable probability exists that disclosure of the evidence would have altered the outcome of the proceedings. *Zant v. Moon*, 264 Ga. 93, 100 (3) (440 SE2d 657) (1994).

Notwithstanding the State's claim to the contrary, the materiality of the State's sole expert's rejection of its speed calculations and determination of fault can hardly be disputed. See *Green v. State*, 219 Ga. App. 24, 26 (3) (464 SE2d 21) (1995). Both charges against Carroll required proof that she committed reckless driving in violation of OCGA § 40-6-390 by driving over the 35 mph speed limit, an allegation completely undermined by Roskind's testimony that the speed could not be calculated on Floyd's data and that the road defects and the shoulder drop-off contributed to what he deemed an accident. Id. Further, the record shows that the State obtained this evidence just prior to trial, at a time when Carroll could not avail herself of it through reasonable diligence. Moreover, several months prior to entering her plea, Carroll filed a discovery demand for exculpatory evidence. Carroll testified that she did not know her speed at the time of the accident and would not have entered her plea had she

known of the evidence at issue.

We reject the State's contention that it was not required to provide the defense with this information because Roskind and Floyd merely "reached different conclusions" about the wreck. By his own admission, Floyd was not "trained" in critical speed determination, and was completing his only class in it when the accident at issue occurred. In contrast, his instructor attended over 700 hours of accident reconstruction classes and taught at a police academy. He testified that Floyd lacked the training and experience to make a critical speed determination in this case, a conclusion substantiated by Floyd's initial speed miscalculation and his subsequent error. Under these circumstances, we question whether Floyd was qualified to offer his opinion on this matter. Compare *Kimbrough v. State*, 215 Ga. App. 303 (1) (450 SE2d 457) (1994).

Further, the State's reliance on *Bromley v. State*, 259 Ga. 377, 378 (380 SE2d 694) (1989) for the proposition that it had no duty to disclose the instructor's evidence is misplaced. In *Bromley*, because the defense located the State's expert who had given favorable testimony before trial and used him as a witness, the *Brady* violation was deemed harmless. That is hardly the case here.

We also observe that the State neglected a clear opportunity to set the record straight. During Carroll's plea hearing, the State remained silent when her lawyer stated that he expected the State's evidence to show that Carroll was driving at approximately 44 mph. See *Dennard v. State*, 263 Ga. 453, 454 (4) (435 SE2d 26) (1993) (*Brady* material must be disclosed in time to benefit the defense). When the court inquired whether that account comported with the State's version, the prosecutor answered in the affirmative, despite his knowledge of the shoulder drop-off and the second error in calculating the speed imparted in his meeting with Roskind and Floyd days before. This response did not promote the truth-seeking function on which the judicial process is founded. See *West v. State*, 213 Ga. App. 362, 365 (1) (a) (444 SE2d 398) (1994).

The withdrawal of a plea is appropriate only to correct manifest injustice. *State v. Evans*, 265 Ga. 332, 336 (454 SE2d 468) (1995). Because the State's failure to comply with *Brady's* clear mandate spawned such injustice, we find the trial court abused its discretion in denying Carroll's motion to withdraw her plea. *Mock v. State*, 218 Ga. App. 514, 517 (3) (462 SE2d 429) (1995).

*Judgment reversed and remanded for trial. Beasley, C. J., and Blackburn, J., concur.*

DECIDED AUGUST 20, 1996.

*Warren A. Sellers*, for appellant.

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, James L. Wright III, Assistant District Attorneys*, for appellee.