A96A1686. QUARTERMAN v. THE STATE.
(479 SE2d 397)

Judge Harold R. Banke.

Roger Quarterman was convicted of one count of sale of cocaine. On appeal, he enumerates five errors.

The evidence, viewed in the light most favorable to the verdict, revealed the following. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). Three undercover agents of the Savannah-Chatham County Counter-Narcotics Team who were driving around midtown Savannah stopped Quarterman's co-defendant, Ronald McDonald, and asked him for $50 worth of crack cocaine. McDonald told them to circle the block. After they circled several times, McDonald told them to park and took from one of the agents a $50 bill which previously had been photocopied to record its serial number. McDonald then walked over to Quarterman and exchanged the $50 for six pieces of crack cocaine. Moments later, Quarterman entered a Cadillac which pulled away. Agents followed and arrested Quarterman shortly thereafter. At the time of his arrest, Quarterman was wearing a jeans outfit with dollar signs on it. Agents found the $50 bill exchanged for the cocaine in Quarterman's front pants pocket. *Held*:

1. The admission of the photocopy of the $50 bill used to purchase the cocaine does not require reversal. First, it appears that the error, if any, was not properly preserved because Quarterman never presented any argument on this issue at trial. *Furfano v. State*, 212 Ga. App. 472, 473 (2) (442 SE2d 305) (1994). The State sought to

admit a photocopy with a number of bills on it instead of just the one at issue, and Quarterman limited his objection to the relevance of the extraneous bills, not the best evidence and business records arguments he asserted on appeal. Second, any error would be harmless in light of the other evidence linking Quarterman to the sale, including the eyewitness testimony of three undercover agents who saw Quarterman give McDonald an object which subsequently tested positive for cocaine. McDonald then delivered the object to the agents, took their $50, and gave it to Quarterman. This evidence "otherwise fully and properly established" the fact sought to be shown, that McDonald gave Quarterman the $50 in exchange for the cocaine. *Brewer v. Williams*, 167 Ga. App. 151, 153 (6) (305 SE2d 891) (1983).

2. The State did not unconstitutionally inject Quarterman's character into evidence by asking McDonald whether he had talked to Quarterman in lockup. Because "evidence that an accused has been confined in jail in connection with the case at issue does not place his character in evidence," this enumeration lacks merit. (Citations and punctuation omitted.) *Ferrell v. State*, 198 Ga. App. 270, 272 (3) (401 SE2d 301) (1991). We reject Quarterman's assertion that this rule is inapplicable because the State elicited the information. See id.

3. The trial court did not commit reversible error by informing Quarterman, in the context of discussing the State's proposed sentence on a guilty plea, that if he was convicted, as a recidivist he would get the maximum punishment. Quarterman argues that by this statement, the court declined to exercise its discretion under OCGA § 17-10-7 (a) by considering probating a portion of his sentence.

At sentencing, the trial court inquired whether Quarterman had any evidence in mitigation, but he offered none. Knowing that OCGA § 17-10-7 (a) required it to impose the maximum sentence on Quarterman as a recidivist, "the trial court obviously would not have inquired about mitigating evidence unless it was prepared to consider that evidence in connection with probation or suspension of the maximum sentence." (Citation and punctuation omitted.) *Knight v. State*, 221 Ga. App. 92, 93 (470 SE2d 486) (1996). On the record before us, we cannot assume the court failed to exercise the discretion allowed but not required by OCGA § 17-10-7 (a), particularly when the sentence is within the statutory limits. *Stephenson v. State*, 218 Ga. App. 613, 617 (4) (462 SE2d 767) (1995).

4. Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could find all the essential elements of the

crime of selling cocaine.[1] *Jackson v. Virginia*, 443 U. S. at 319-320. We reject Quarterman's contention that the State's case relied entirely on circumstantial evidence in light of the three agents' eyewitness testimony of the transaction. See *Nebbitt v. State*, 187 Ga. App. 265, 266 (1) (370 SE2d 1) (1988). Notwithstanding Quarterman's argument to the contrary, reversal is not required by the fact that the agents were not close enough to identify as cocaine the small object which Quarterman gave to McDonald because when considered in context the evidence was sufficient to permit the jury to exclude every reasonable hypothesis save guilt. Id. at 267 (1).

5. To establish ineffectiveness, a defendant must prove that his trial counsel's performance was deficient and the deficiency prejudiced his defense to the extent that there was a reasonable probability the result of the trial would have been different but for defense counsel's unprofessional deficiencies. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). Review of counsel's performance, however, must be highly deferential. *Rogers v. State*, 195 Ga. App. 446, 448 (2) (394 SE2d 116) (1990). We need not inquire into counsel's alleged deficiency, absent a showing of prejudice. *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995).

(a) The record belies Quarterman's contention that counsel was ineffective for failing to interview witnesses before trial. Counsel testified that he interviewed Ronald McDonald before trial as well as Quarterman's girl friend, the only two witnesses Quarterman named.[2]

(b) We reject Quarterman's argument that his counsel was ineffective for failing to move to suppress the marked $50 and his distinctive clothing based upon a lack of probable cause to arrest. A warrantless arrest, such as the arrest at issue here, is constitutionally permissible if, at the moment of arrest, " 'the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense.' [Cits.]" *Hatcher v. State*, 219 Ga. App. 82, 83-84 (464 SE2d 236) (1995). Here, three officers witnessed Quarterman exchange an object which appeared to be cocaine for the marked $50. This was sufficient probable cause to arrest to satisfy the Fourth Amendment. See *Durden v. State*, 250 Ga. 325, 326-327 (1) (297 SE2d 237) (1982). Having conducted a lawful arrest, the officers were enti-

---

[1] We observe with disappointment that the State inexplicably failed to address this enumeration.

[2] After entering a guilty plea, McDonald testified for the defense. At Quarterman's insistence, his girl friend did not testify.

tled to search Quarterman. *Mitchell v. State*, 200 Ga. App. 146, 147-148 (1) (407 SE2d 115) (1991).

(c) Trial counsel was not ineffective for failing to assert a best evidence or business records objection to the photocopy of the $50. Had the photocopy been excluded we find no reasonable probability the result of the trial would have been different in light of the officers' testimony that they saw McDonald give Quarterman the $50.

(d) " 'When, as here, an appellant asserts more than one error within a single enumeration, this court in its discretion may elect to review none, or one or more, of the errors asserted in the single enumeration.' . . . [Cit.]" *Howard v. State*, 220 Ga. App. 267, 271 (4) (469 SE2d 396) (1996). Because Quarterman failed to support the remainder of his ineffectiveness claims with argument or legal authority, we decline to reach them. Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 15, 1996 —

*Mark J. Nathan*, for appellant.

*Spencer Lawton, Jr., District Attorney, Christine M. Sieger, Assistant District Attorney*, for appellee.