## A97A2409. SANDERS v. THE STATE.
(495 SE2d 653)

POPE, Presiding Judge.

Harvey Wayne Sanders appeals his child molestation conviction and sentence. He claims three errors stemming from the testimony of a police officer: that the trial court improperly allowed the officer to (1) bolster the child victim's credibility; (2) state that he did not believe Sanders' version of the incident; and (3) comment on Sanders' silence. We find no reversible error and affirm the conviction. However, we agree with Sanders that the trial court erred in sentencing Sanders. As an aggravating factor in sentencing, the State was allowed to present evidence of Sanders' prior convictions for solicitation of sodomy and obscene language. Because the State failed to give Sanders adequate pretrial notice of its intent to use those convictions against him, we must vacate the sentence and remand the matter for resentencing.

1. When the officer testified that the child victim seemed "convincing," Sanders moved for a mistrial. The court denied it, instructed the jury that it should disregard the statement, and asked if any juror could not strike the comment from their minds. No juror responded. The court did not abuse its discretion when it denied the motion and gave appropriate curative instructions. See *Hicks v. State*, 196 Ga. App. 25, 26 (2) (395 SE2d 349) (1990). Moreover, Sanders did not thereafter request additional instructions or renew his motion for mistrial, so he has waived appellate review of this issue. *Coates v. State*, 222 Ga. App. 888, 889 (1) (476 SE2d 650) (1996).

2. The officer testified that after Sanders waived his *Miranda* rights and made a statement, the officer told Sanders that he did not believe him. Defense counsel objected, arguing that the officer should not be allowed to comment on Sanders' credibility. The trial court then gave an appropriate limiting instruction and cautioned the jury that the officer's reply was admissible only to show the exchange between the officer and Sanders and should not be considered for its truth. Sanders requested no further instructions or curative measures, and he has not shown how the curative instruction given was incorrect or insufficient. We find no error. See *Lane v. State*, 223 Ga.

App. 740, 742 (3) (479 SE2d 350) (1996) (trial court is not required to give relief that a party has not requested).

3. Sanders also claims that the officer was improperly allowed to comment on his silence. The officer testified that Sanders waived his *Miranda* rights, voluntarily came to the station, and gave a statement. After the officer told Sanders he did not believe the story and asked him to tell the truth, Sanders said he wanted to go home and "think it over." The next day, Sanders called and told the officer he wanted to tell the truth but was hoping he would not be arrested until after the Christmas holiday later that week. The officer agreed. A few days after Christmas, Sanders called again and asked if his arrest could be delayed past the first of the year. The officer testified, "I told him no. Actually, I said if you'll come back in and complete your statement, tell me the truth, *which he didn't agree to do*." (Emphasis supplied.) Sanders objected and moved for a mistrial, claiming this latter statement was a comment by the officer on Sanders' silence.

The trial court found the officer had not improperly commented on Sanders' silence, and we agree. This is not a case in which testimony showed Sanders refused to give a statement or specifically invoked his right to remain silent. Compare *Ford v. State*, 219 Ga. App. 562, 563 (1) (466 SE2d 11) (1995); *Cromwell v. State*, 218 Ga. App. 481 (1) (462 SE2d 388) (1995). Rather, this case is analogous to *Williams v. State*, 258 Ga. 281, 283 (2) (368 SE2d 742) (1988), in which an officer testified before the jury that the defendant made a statement, then said he wanted to talk to a lawyer before giving any additional statement. As the Court noted, "[t]he defendant did not remain silent. He discussed the crime, and then he invoked his right to a lawyer." Id. at 284 (2). The case is also similar to *Dunn v. State*, 145 Ga. App. 612, 614 (4) (244 SE2d 127) (1978), which held that an officer's explanation that the defendant stopped answering questions and wanted an attorney was not a comment on defendant's silence; rather, it was an explanation of the officer's course of conduct. Here, Sanders gave statements to the officer and had several conversations with him, and the officer's testimony was an explanation of how their conversations ended, rather than a comment on Sanders' silence. Moreover, "[t]o reverse a conviction, the evidence of the defendant's election to remain silent must point directly at the substance of the defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury." (Citation and punctuation omitted.) *Duck v. State*, 250 Ga. 592, 595 (1) (300 SE2d 121) (1983). Here, the trial court could conclude that the officer's testimony "did not purport to be evidence of the defendant's guilt or to be directed toward undermining any of his defenses." Id. See also *Sabo v. State*, 226 Ga. App. 106, 109 (4) (485 SE2d 591) (1997).

4. While upholding the conviction, we must conclude that the trial court erred in sentencing Sanders. Pursuant to OCGA § 17-10-2 (a), the sentencing court may consider "only such evidence in aggravation as the state has made known to the defendant prior to the defendant's trial. . . ." The trial court considered as aggravating circumstances Sanders' 1987 misdemeanor convictions for solicitation of sodomy and obscene language, offenses to which he pled guilty in DeKalb County State Court. The only pretrial notice the State gave, however, was a copy of Sanders' Georgia Crime Information Center criminal history. That report listed a "simple assault" conviction in DeKalb County State Court, accusation no. 86C21120. The State contends that notice was sufficient because the solicitation of sodomy and obscene language charges, though not listed in the GCIC report, were included in the simple assault accusation.

We disagree with the State's argument because OCGA § 17-10-2 (a) requires "that [pretrial] notice of each specific conviction to be introduced in evidence by the State at the sentencing phase of the trial should be given to the party on trial or his attorney. And the fact that such notice was given should be clear and not cloudy." (Citation and punctuation omitted.) *Rielli v. State*, 174 Ga. App. 220, 223 (5) (330 SE2d 104) (1985). See *Ramsey v. State*, 241 Ga. 426, 428 (2) (246 SE2d 190) (1978). The State's notice simply did not name these additional offenses. Although the State argues that Sanders could have researched his record based on the GCIC information given, it is clear that the State did not provide the necessary "notice of each specific conviction." See also *Armstrong v. State*, 264 Ga. 237, 238 (2) (442 SE2d 759) (1994) (absent notice of State's intent to use offense in aggravation, defendant is not on notice to explore defects that could make conviction inadmissible). Therefore, we vacate the sentence and remand the case for resentencing.

*Judgment of conviction affirmed, sentence vacated and case remanded. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 14, 1998.

*Julian M. Treadaway, Ray B. Gary, Jr.*, for appellant.
*Thomas J. Charron*, District Attorney, *Shannon L. Goessling, Debra H. Bernes, Nancy I. Jordan*, Assistant District Attorneys, for appellee.