## A99A1676. BOYKIN v. THE STATE.
### (523 SE2d 605)

PHIPPS, Judge.

Following the denial of her motion for new trial, Retha Boykin appeals her conviction of the burglary of a Macy's department store. She raises three issues for us to decide. First, she charges her trial counsel with ineffective assistance in allowing the prosecutor to question the arresting officer concerning her post-arrest silence. Second, she claims counsel was ineffective in not informing her of the impact of sentencing under the recidivist act. Third, she challenges the sufficiency of the evidence. Because we hold that her counsel was not ineffective and that the evidence was sufficient to authorize her conviction, we affirm.

On the day in question, the department store opened to the public at 10:00 a.m. At approximately 8:00 a.m., Macy's Security Officer Love discovered Boykin "kind of balled up" under a cloth-draped table in the children's clothing department. Boykin was not a Macy's employee and did not have permission to be in the store at that time.

On direct examination, Love testified that immediately after discovering Boykin, he asked her what she was doing in the store, but she did not reply. On cross-examination, however, Love clarified that Boykin had mumbled that she was asleep. Love found numerous bags of Macy's clothing next to Boykin under the table. Price tags still on the clothes showed a total retail value of $1,363. Boykin had no purchase receipts. A dressing room in the children's department, normally locked, was open. Concluding that Boykin had remained in the store after it closed the night before, Love arrested her and took

her to the store's security office.

Boykin was later turned over to City of Atlanta Police Officer Ormond. During cross-examination of Ormond, defense counsel challenged the thoroughness of the officer's investigation. Counsel inquired whether Ormond had asked Boykin what happened. Ormond testified that he had asked this question but Boykin had not responded. On redirect examination, the prosecuting attorney asked Ormond if he had given Boykin an opportunity to explain why she was in the store, and he responded affirmatively.

1. Boykin argues that Ormond's testimony about her post-arrest silence was inadmissible under *Mallory v. State*[1] and cases cited therein.

The defendant in *Mallory* gave a statement to police more than one month after he committed the crimes. He later contended that his right to remain silent was violated when the trial court allowed the State to introduce a portion of his statement showing that he had not come forward to explain his innocence when he knew he was under investigation.

In *Mallory*, the Supreme Court of Georgia first recognized the holdings of the United States Supreme Court in *Jenkins v. Anderson*[2] and *Fletcher v. Weir*.[3] *Jenkins* allows the State to comment at trial upon the fact that the defendant did not come forward voluntarily, if the defendant's pre-arrest silence has not been induced by government action (i.e., *Miranda* warnings) and the defendant has waived his privilege against self-incrimination by testifying at trial. *Fletcher* holds that, as a matter of federal due process, the State may permit cross-examination about a defendant's post-arrest silence so long as such silence is not induced by *Miranda* warnings.

But, as recognized in *Mallory*, nothing in *Jenkins* or *Fletcher* requires the state to allow impeachment of a defendant in these settings.[4] Finding that a comment upon a defendant's "silence or failure to come forward is far more prejudicial than probative," *Mallory* prospectively held that such comment will not be allowed in Georgia "even where the defendant has not received *Miranda* warnings and where he takes the stand in his own defense."[5]

We do not interpret *Mallory* as barring Love's testimony that Boykin did not explain why she was in the store when asked to do so.[6]

---

[1] 261 Ga. 625, 629-630 (5) (409 SE2d 839) (1991).

[2] 447 U. S. 231 (100 SC 2124, 65 LE2d 86) (1980).

[3] 455 U. S. 603 (102 SC 1309, 71 LE2d 490) (1982).

[4] 261 Ga. at 630 (5).

[5] Id.

[6] See *Edwards v. State*, 219 Ga. App. 239, 240-242 (2) (a) (464 SE2d 851) (1995) (where defendant failed to respond to statements by investigating officer at the scene of an investigatory traffic stop, *Mallory* distinguished because it analyzed impeachment by use of

This was admissible as part of the res gestae of the crime.[7] Ormond's comments concerning Boykin's post-arrest silence were elicited, not by the prosecutor, but by defense counsel during his cross-examination of the officer. This testimony could have been introduced by the State, however, because *Mallory* does not apply to comments concerning a defendant's post-arrest silence,[8] and it does not appear from the record that Boykin's silence was induced by *Miranda* warnings.[9] Under the circumstances, defense counsel's decision to pursue this line of questioning was a matter of trial tactics and strategy that do not equate with ineffective assistance of counsel.[10]

2. At the hearing on her motion for new trial, Boykin testified that counsel had not told her the State was seeking recidivist punishment that would require her to serve a ten-year sentence without possibility of parole. But counsel testified unequivocally he had provided Boykin with this information and strongly urged her to plead guilty because of it. Determining the credibility of these witnesses was in the trial court's discretion.[11] Its determination that counsel was not ineffective in this regard is not clearly erroneous.[12]

3. Boykin is guilty of burglary if she entered or remained in the department store "without authority and with intent to commit a felony or theft therein."[13] Construed in a light most favorable to the verdict, the evidence authorized any rational trier of fact to find these elements of the crime beyond a reasonable doubt and, to the extent the conviction was dependent on circumstantial evidence, to exclude every reasonable hypothesis save that of guilt.[14]

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 18, 1999.

*Henry A. Hibbert*, for appellant.

---

defendant's failure to contact police prior to arrest).

[7] See *Caito v. State*, 130 Ga. App. 831, 836 (6) (204 SE2d 765) (1974); compare *Racquemore v. State*, 204 Ga. App. 88, 89 (2) (418 SE2d 448) (1992).

[8] See *Landers v. State*, 270 Ga. 189, 190 (2) (508 SE2d 637) (1998) (noting that it had been held in *Mallory* "that the state may not comment on either a defendant's silence prior to arrest or failure to come forward voluntarily, even when the defendant chooses to testify at trial").

[9] See *Fletcher v. Weir*, supra.

[10] See, e.g., *Phillips v. State*, 233 Ga. App. 557, 559 (504 SE2d 762) (1998).

[11] *Ford v. State*, 234 Ga. App. 301, 303 (2) (506 SE2d 668) (1998).

[12] See generally *Turpin v. Mobley*, 269 Ga. 635, 639 (3) (502 SE2d 458) (1998).

[13] OCGA § 16-7-1 (a).

[14] *Quarterman v. State*, 223 Ga. App. 566, 567-568 (4) (479 SE2d 397) (1996).

*Paul L. Howard, Jr., District Attorney, David E. Langford, Assistant District Attorney*, for appellee.