A99A2212. MULLINAX v. THE STATE.
(530 SE2d 255)

SMITH, Judge.

Jack Douglas Mullinax was indicted on charges of speeding and theft by receiving a stolen truck. He pled guilty to speeding and was tried by a jury and found guilty on the charge of theft by receiving. He was sentenced as a recidivist. He appeals, contending that the trial court erred in ruling certain evidence admissible and in sentencing him as a recidivist. We find no merit in either contention, and we affirm.

Construed to support the jury's verdict, the evidence presented at trial showed that three days after a 1967 Chevrolet truck had been reported stolen, Officer Jack Pinholster of the Henry County Police Department stopped Mullinax for speeding in that truck. He asked Mullinax for his driver's license and proof of insurance, and Mullinax produced his driver's license. Pinholster testified that Mullinax never produced any other documents, such as registration or insurance. Pinholster returned to his patrol car to write a citation for speeding, and while in his patrol car, he received a radio communication informing him that the truck was "possibly stolen." Pinholster testified he then informed Mullinax that he was "going to be under arrest" and that if he could produce any type of document showing ownership, he could be released. The defense objected to this testimony as tantamount to a comment on the pre-arrest silence of Mullinax. The trial court overruled the objection.

Mullinax testified at trial that he had bought the truck from "Mr. McEvans" at a local arcade for $400 and a 350 Chevrolet engine on March 30 and that the seller told him it was a 1972 model. According to Mullinax, they drew up a bill of sale at the arcade and called a

notary to witness the bill of sale. He then produced a notarized bill of sale, which was admitted into evidence. The bill of sale recites that it is for a "1972 Chevy pick up as is for 700 cash." Mullinax testified that the bill of sale did not have the vehicle identification number on it because he could not find one anywhere on the truck. He wrote the engine serial number and tag number on the document the morning of trial because he "thought you needed the tag number on it." He testified that he received a single key from the seller, and he later determined that "any General Motors key would turn it on."

1. Mullinax contends it was error for the trial court to overrule his objection to the testimony regarding his failure to come·forward with proof of ownership. He argues that when combined with the State's later questioning of the bona fides of the bill of sale produced by Mullinax at trial, Pinholster's testimony violates the prohibition against commenting on an accused's silence. *Mallory v. State*, 261 Ga. 625, 629-630 (5) (409 SE2d 839) (1991). We do not agree.

In two cases,[1] the United States Supreme Court held that the State may comment on the fact that a defendant did not voluntarily come forward, if the defendant's silence was not induced by *Miranda* warnings and the defendant has waived his privilege against self-incrimination by testifying at trial. *Mallory*, supra at 629 (5). But although no U. S. constitutional provision exists prohibiting such comment, the Supreme Court of Georgia held in *Mallory* that such comment was too prejudicial and from the date of *Mallory*'s publication would not be permitted in this state. Id. at 630 (5).

This court has not interpreted *Mallory*, however, to bar evidence otherwise admissible as part of the res gestae of the crime. *Boykin v. State*, 240 Ga. App. 402, 403-404 (1) (523 SE2d 605) (1999). "As a general rule, all the circumstances connected with a defendant's arrest are admissible as a part of the res gestae." (Citation and punctuation omitted.) *Anderson v. State*, 236 Ga. App. 679, 682 (4) (513 SE2d 235) (1999). When such evidence is relevant for the purpose of showing the circumstances of the arrest, it need not be excluded simply because it is prejudicial. Id.

In this case, Mullinax was charged with receiving stolen property, and the fact that he did not have proof of ownership when arrested was very relevant to the issues at trial. This was not a matter of silence; a police officer conducting a traffic stop has a right to request and examine such documents as a driver's license, proof of insurance, and registration of the vehicle and may run a computer check of these documents. *Sutton v. State*, 223 Ga. App. 721, 723 (478

---

[1] *Fletcher v. Weir*, 455 U. S. 603 (102 SC 1309, 71 LE2d 490) (1982); *Jenkins v. Anderson*, 447 U. S. 231 (100 SC 2124, 65 LE2d 86) (1980).

SE2d 910) (1996); accord *Williams v. State*, 233 Ga. App. 70, 71 (1) (503 SE2d 324) (1998).

Moreover, even if the trial court erred in overruling the objection, any error would be harmless because Mullinax's objection was not timely. At the point in Pinholster's testimony when the objection was interposed, Pinholster had already stated three times, without objection, that Mullinax had not provided him with any paperwork other than his driver's license. The testimony to which Mullinax objected was therefore merely cumulative of that previous testimony, which had been admitted without objection. "Evidence is harmless where admissible evidence of the same fact is before the jury. Accordingly, any error in overruling defendant's objection would have been harmless." (Citation and punctuation omitted.) *Tate v. State*, 230 Ga. App. 186, 189 (3) (495 SE2d 658) (1998).

2. Mullinax also contends the trial court erred in sentencing him as a recidivist because the State did not give him written notice of its intent to use his prior convictions in aggravation of sentence. Defense counsel, at sentencing, conceded that the State had orally notified him of Mullinax's prior convictions and its intent to introduce them under OCGA § 17-10-2. The statute provides that such prior convictions are admissible only if the State has made them known to the defendant prior to trial. OCGA § 17-10-2 (a). We have held that such notice must be " 'clear and not cloudy.' " *Sanders v. State*, 230 Ga. App. 176, 178 (4) (495 SE2d 653) (1998). Mullinax argues this indicates that the State must provide written notice. But we have held specifically that the statute does not require written notice; all that is required is "clear notice." *Graham v. State*, 171 Ga. App. 242, 256 (17) (319 SE2d 484) (1984). Although written notice is preferable, it is not required as long as the notice is clear. *Moss v. State*, 206 Ga. App. 310, 312 (5) (425 SE2d 386) (1992). Given Mullinax's acknowledgment in open court that the prosecution had disclosed his prior record and discussed with defense counsel "where he fell in the tier of a recidivist statute," we conclude that he received adequate and clear notice, as required by OCGA § 17-10-2. The trial court did not err in sentencing Mullinax as a recidivist.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MARCH 1, 2000 — 

*Lloyd J. Matthews*, for appellant.

*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.