A99A0730. SWANTNER v. THE STATE.
(535 SE2d 343)

SMITH, Judge.

Shawn Swantner appeals from the superior court's order denying his motion to withdraw his guilty plea to one count of sale of cocaine, one count of trafficking in cocaine, one count of sale of marijuana, one count of trafficking in cocaine in an amount greater than 400 grams, and one count of possession of flunitrazepam with intent

to distribute.[1] After a hearing, the trial court denied Swantner's motion to withdraw his plea in a lengthy, well-reasoned, and thorough order. In a single enumeration of error, Swantner argues the court erred in denying his motion because the trial court failed to place on the record an adequate factual basis for the plea and because he was denied effective assistance of counsel in three different respects.[2] We disagree and affirm.

1. Swantner contends the trial court did not comply with Uniform Superior Court Rule 33 in recording a factual basis for his plea. The Supreme Court of Georgia has held that "the record of the plea hearing must reveal the factual basis relied on so that a reviewing court may determine whether an abuse of discretion occurred. [Cit.]" *Green v. State*, 265 Ga. 263, 264 (2) (454 SE2d 466) (1995). But "there is no requirement that the elements of the crime be proven beyond a reasonable doubt. [Cit.] Rather, the court must satisfy itself subjectively that the pleader knows both what he has done and that those acts constitute the crime with which he is charged. [Cit.]" *Battle v. State*, 234 Ga. App. 143 (1) (505 SE2d 573) (1998). The factual basis may be demonstrated from the record of the guilty plea hearing itself or other portions of the record such as a bond hearing, *Bess v. State*, 235 Ga. App. 372, 374 (2) (508 SE2d 664) (1998), or the indictment alone may contain sufficient information to show that the facts alleged by the State satisfy all the elements of the charge to which the defendant pled guilty. *Green*, supra at 265.

Here, a statement from the prosecutor, as well as brief testimony from the investigating officer, was introduced at the bond hearing regarding the factual basis for Swantner's plea. The evidence against Swantner also was discussed in detail by the prosecutor at the plea hearing as the trial court reviewed the indictment. The prosecutor recited that, on two different dates, Swantner made two sales of cocaine to a named drug enforcement agent, one of approximately three and one-half grams and one of approximately 43 grams, as well as one sale of marijuana to the same agent. At the bond hearing, a police officer testified that a subsequent search pursuant to a warrant uncovered an additional 18 ounces of powdered cocaine and 55 tablets of Rofenol at Swantner's apartment.

Immediately after the prosecutor's recitation of the facts at the

---

[1] The court sentenced Swantner to the mandatory minimum sentence of 25 years and a fine of $1 million for trafficking in cocaine in an amount in excess of 400 grams. OCGA § 16-13-31 (a) (1) (C). The court also imposed a mandatory fine of $200,000 for trafficking in cocaine in an amount less than 200 grams, OCGA § 16-13-31 (a) (1) (A), as well as lesser prison sentences, to be served concurrently.

[2] Pursuant to the directive of the Supreme Court of Georgia on remand of this appeal, we nevertheless consider all four assertions of error contained in this single enumeration, in accordance with *Felix v. State*, 271 Ga. 534 (523 SE2d 1) (1999).

plea hearing, the trial court asked Swantner if he understood all the charges against him and received an affirmative response. The prosecutor then questioned Swantner regarding his understanding of the charges and his understanding and affirmance of his petition to enter the guilty plea, and he elicited a separate admission from Swantner that he had committed each offense as laid out in each count of the indictment. At one point, Swantner interrupted his responses to confer with his attorney before admitting the charge. From these facts, the trial court could determine that Swantner "knew what he was accused of doing and knew that those acts constituted the crimes with which he was charged. [Cit.] Therefore, the State presented a sufficient factual basis to comply with USCR 33.9." *Battle,* supra at 143 (1).

2. We next consider Swantner's contentions that his counsel rendered ineffective assistance at his guilty plea. As the trial court correctly observed:

> In the context of guilty pleas, the two-prong test for establishing ineffective assistance of counsel enunciated in *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) employs a standard of objective reasonableness with regard to counsel's performance and requires that the defendant establish the reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. [Cits.]

*Brantley v. State,* 268 Ga. 151, 152 (1) (486 SE2d 169) (1997). A court's finding of effective assistance, as well as its findings on reasonableness and credibility, will be affirmed unless clearly erroneous. *Martin v. State,* 268 Ga. 584, 585 (492 SE2d 223) (1997); *Griffith v. State,* 234 Ga. App. 326, 329 (2) (506 SE2d 676) (1998). Moreover, determination of witness credibility is within the trial court's discretion. *Boykin v. State,* 240 Ga. App. 402, 404 (2) (523 SE2d 605) (1999).

(a) Swantner first claims that his counsel was ineffective because his investigation and consultation were inadequate. At the hearing on Swantner's motion to withdraw his guilty plea, his plea counsel testified that he met with Swantner approximately three times in person and approximately three times by telephone, for a total, according to Swantner, of between two and two and one-half hours. Counsel also investigated the facts of the case by talking to one member of the local drug task force on four or five occasions, talking to a second member of the task force, talking to the prosecutor, and reviewing the search warrant. Not only did counsel conclude that the warrant was valid, he learned from Swantner that the drugs involved in the case were those alleged in the indictment and that Swantner

had already made "certain admissions" to the drug task force.

The length of time that plea counsel spent in conference with Swantner is not in itself inadequate. See *Tahamtani v. State*, 177 Ga. App. 52, 53 (338 SE2d 488) (1985) (half-hour consultation, without more, does not establish ineffective assistance). And while Swantner complains that plea counsel, because of an inadequate investigation, "was unable to discover whether there are any unknown issues or facts which will assist the Defendant," he has not shown what, if any, additional facts could have been uncovered by further investigation, particularly in the face of the known facts and the admissions Swantner had already made to the police and to his counsel. While Swantner does make the specific contention that counsel should have examined the crime lab report regarding the weight and purity of the drugs, counsel testified that Swantner acknowledged to him that he possessed the drugs named in the indictment. At the time he entered his plea, Swantner was aware of the evidence against him and had acknowledged the accuracy of that evidence to his counsel. We cannot say that the trial court's conclusion that further investigation was unlikely to have produced a different outcome was clearly erroneous. Compare *Carroll v. State*, 222 Ga. App. 560 (474 SE2d 737) (1996) (denial of motion to withdraw plea error when State withheld specific exculpatory evidence unknown to defendant).

(b) Swantner also contends that counsel "rushed" a guilty plea because he believed that a law was about to be enacted to preclude the granting of first offender status in drug trafficking cases. We note that Ga. L. 1998, p. 180 was not signed into law until March 27, 1998, three days after Swantner executed his petition to enter a guilty plea and two days after the plea hearing. This enactment provides for mandatory minimum sentences and forbids pardon, parole, or first offender status for certain "serious violent felonies," but not for drug trafficking. In his brief, Swantner contends that he would not have entered a plea had he known that first offender status would continue to be available.

We would hesitate to conclude that a mistake as to the scope of a pending act of the Georgia General Assembly, not yet law, constitutes anything more than a peripheral question of strategy and tactics regarding possible future changes in the law.[3] But we need not reach that issue, because Swantner has not demonstrated that "but for his counsel's deficiency, he would have insisted on going to trial and would not have pled guilty. [Cit.]" *Johnson v. State*, 242 Ga. App.

---

[3] We also note that counsel's belief was not, as Swantner contends, wholly without basis, because other enactments abolishing pardon or parole for certain crimes have included drug trafficking as well as violent felonies within their scope. See OCGA § 42-9-45 (f).

89, 92 (2) (528 SE2d 861) (2000).

First, and most importantly, the trial court repeatedly warned Swantner before he entered his plea that the court had never allowed first offender treatment in a drug trafficking case and that it was unlikely to do so: "I don't want him going in thinking that he's going to get first offender and then turn out he doesn't. . . . I'm just telling you in advance I can't remember a case that I've ever allowed that type of sentence in that type of case." The trial court added, "I don't want him having any ideas that the Court is going to do that. That's what I'm saying." Second, plea counsel testified that at the time he discussed the pending legislation with Swantner, the decision to plead and seek first offender treatment had already been made.

Finally, plea counsel testified that he explained to Swantner the approximate amount of time he would probably serve, the State's recommendation on sentencing (which was the sentence Swantner received), and the likelihood Swantner would serve every day of any sentence he received. Counsel testified that he did not promise Swantner he would receive a reduced sentence or make any guarantees as to the outcome of the plea: "I don't make any encouragements and I don't make any guarantees." And Swantner testified at the plea hearing "that his guilty pleas were entered voluntarily and were not the result of any promises or inducements." Romano v. State, 272 Ga. 238, 241 (2) (527 SE2d 184) (2000).

Moreover, Swantner testified only that he would not have pled guilty and would have insisted on a trial if he had known the amount of mandatory fines that would be imposed, if he had known that the sentences could be imposed consecutively, or if he had known that he would serve a minimum of 25 years. He never testified that he would not have pled guilty and would have insisted on a trial but for his asserted belief that he would get first offender treatment. He also acknowledged on cross-examination that he never told anyone that he wanted to go to trial and that he understood the mandatory minimum sentences and fines. The trial court, as the judge of credibility, was authorized to weigh Swantner's assertions against his conflicting statements, the testimony of his counsel, and the testimony from the plea hearing. From this evidence, the court was authorized to conclude that Swantner knew he was unlikely to receive first offender treatment in any event or that Swantner would not have insisted on going to trial regardless of the availability of first offender status. Brower v. State, 230 Ga. App. 125, 126 (2) (495 SE2d 600) (1998).

(c) Finally, Swantner complains that plea counsel misrepresented to him that the trial court could make a finding of "substantial assistance" under OCGA § 16-13-31 (f) (2) and use corresponding leniency in sentencing. Swantner contends that only the State could

make such a request and that his plea counsel therefore incorrectly advised him that the court could consider Swantner's request. This is not a correct statement of the law; either the prosecutor or the defendant may bring this information to the attention of the sentencing court, or the court may inquire into it sua sponte. *Brugman v. State*, 255 Ga. 407, 414-415 (5) (339 SE2d 244) (1986). Counsel in fact made such a request to the trial court, and he was not ineffective in doing so for the reason argued by Swantner.

For these reasons, Swantner has failed to show, as he must, both that trial counsel's conduct fell below a reasonable standard of care and that there was a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. The trial court's finding that Swantner received effective assistance of counsel is not clearly erroneous, and the trial court did not err in denying Swantner's motion to withdraw his guilty plea. See *Baptiste v. State*, 229 Ga. App. 691, 699 (3) (494 SE2d 530) (1997).

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED JUNE 8, 2000

*James W. Smith*, for appellant.
*Harry N. Gordon, District Attorney, William W. Tanner, Assistant District Attorney*, for appellee.