## A00A1320. SHAHEED v. THE STATE.
### (538 SE2d 823)

SMITH, Presiding Judge.

Amed Shaheed was indicted by a Fulton County grand jury on one count of theft by receiving stolen property, OCGA § 16-8-7 (a), one count of fleeing or attempting to elude a police officer, OCGA § 40-6-395 (a), and one count of theft by taking, OCGA § 16-8-2. A jury found him guilty of theft by receiving and fleeing or attempting to elude and acquitted him of theft by taking. Shaheed appeals, and we affirm.

1. Shaheed asserts the general grounds, contending that because the State charged him with both theft by taking and theft by receiving, it presented no evidence as to whether he stole or received the property. But while "[t]he crimes of theft by taking and theft by receiving are mutually exclusive, [cit.]," *Robinson v. State*, 215 Ga. App. 125, 126 (1) (449 SE2d 679) (1994), "the charges of theft by taking and theft by receiving were alternative charges for the jury to choose if the State failed to carry the burden on identity." *Rivers v. State*, 225 Ga. App. 558, 560 (1) (484 SE2d 519) (1997).

Construed to support the verdict, the evidence shows that Shaheed stopped the car he was driving at a roadblock conducted by City of Atlanta police. When a police officer asked Shaheed for his driver's license and proof of insurance, Shaheed did not respond but rolled up the car window and fled. Shaheed led the officers on a high speed chase, wrecked the car, and fled on foot. When he was apprehended after the foot chase, he had no identification or proof of insurance in his possession. Shaheed never offered any explanation for his possession of the car, which proved to be stolen.

"Unexplained possession of recently stolen property, alone, is not sufficient to support a conviction for receiving stolen property but guilt may be inferred from possession in conjunction with other evidence of knowledge." (Citation and punctuation omitted.) *Daras v. State*, 201 Ga. App. 512, 514 (1) (411 SE2d 367) (1991). But "the fact

that a suspect flees the scene of a crime points to the question of guilt in a circumstantial manner. Flight is circumstantial evidence of consciousness of guilt; the weight to be given such evidence is for the jury to decide." (Citation and punctuation omitted.) *Green v. State*, 206 Ga. App. 42, 44 (3) (424 SE2d 646) (1992). The requirement of scienter in the offense of theft by receiving may be fulfilled by evidence of flight. See *Wilkie v. State*, 216 Ga. App. 557 (455 SE2d 103) (1995).

While Shaheed now argues that he fled not because of knowledge that the car was stolen but because he feared the police for other reasons, he presented no evidence at trial supporting the explanation he now offers, and this issue was for the jury to resolve. In addition, Shaheed had no proof of insurance, and lack of proof of ownership of a vehicle at the time of arrest is "very relevant to the issues at trial" of theft by receiving a stolen vehicle. *Mullinax v. State*, 242 Ga. App. 561, 562 (1) (530 SE2d 255) (2000).

2. Shaheed also asserts as error the State's comment during closing argument upon Shaheed's failure to offer an explanation for possession of the stolen car, contending this comments on his pre-arrest silence. But the comment was made in the context of the State's argument that Shaheed's flight from police and failure to offer proof of ownership constituted evidence of guilty knowledge. And evidence of failure to come forward with proof of ownership does not violate the prohibition against evidence of pre-arrest silence stated in *Mallory v. State*, 261 Ga. 625, 629-630 (5) (409 SE2d 839) (1991), when it constitutes part of the res gestae or the circumstances of a defendant's arrest. *Mullinax*, supra. Moreover, Shaheed never objected to the State's argument and thus has failed to preserve this issue for review. Id. at 563 (1); *Landers v. State*, 270 Ga. 189, 190-191 (2) (508 SE2d 637) (1998). This enumeration of error is without merit.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED AUGUST 31, 2000.

*Elaine T. McGruder*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.