A07A0724. CARSON v. THE STATE.
(648 SE2d 493)

JOHNSON, Presiding Judge.

A jury indicted Orlando Carson on three counts of armed robbery, seven counts of aggravated assault, two counts of possession of a firearm during the commission of a crime, and one count of kidnaping. While represented by counsel, Carson pled guilty to two counts of armed robbery. The court dismissed the one remaining armed robbery charge and the state nolle prossed the other charges. The court sentenced Carson according to his request — eighteen years in prison on each of the two armed robbery counts, with the sentences running concurrently. Carson later moved to withdraw the plea, claiming it was not knowingly and voluntarily entered. The trial court denied his motion. Carson appeals from that ruling. We affirm.

---

1. Carson contends he should have been permitted to withdraw the guilty plea because his attorney provided ineffective assistance in connection with the plea. Specifically, he complains that defense counsel affirmatively misrepresented his eligibility for early release. According to Carson, defense counsel told him before he entered the plea that he would be considered for parole due to prison overcrowding, when in fact the law does not allow parole for armed robbery convictions.[1] Carson also claims that trial counsel incorrectly told him he could request a review of the sentence from the sentence review panel. The trial court did not err in denying Carson's motion.

In the context of a guilty plea, the two-prong test for establishing ineffective assistance of counsel enunciated in *Strickland v. Washington*[2] requires that the defendant establish the reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.[3] The court's finding of effective assistance, as well as its findings on reasonableness and credibility, will be affirmed unless clearly erroneous.[4] Moreover, determination of witness credibility is within the trial court's discretion.[5]

Carson is correct that a plea may be invalid where counsel affirmatively misrepresents the collateral consequences of a plea, such as eligibility for parole and early release.[6] However, the trial court in this case specifically found that defense counsel did not misrepresent these matters to Carson.

The transcript of the plea hearing shows that defense counsel announced "ready" for trial, then advised the court that Carson wanted to know if the court would consider taking a guilty plea and sentencing him to "an eighteen year sentence straight time." After asking a series of questions establishing the factual basis for the plea, the voluntariness of the plea, and that Carson had discussed the case thoroughly with his attorney, the trial court announced that it would sentence him to 18 years in prison. The court asked Carson whether he had any questions about his sentence or the plea rights the prosecutor had just read to him. He had none. The court accepted the plea. When asked again, Carson said he had no questions. The court then told Carson he could file a request to have the sentence reviewed by the sentence review board within 30 days. Defense counsel interjected that it was his understanding that armed robbery was "one of

---

[1] See OCGA § 17-10-6.1 (a) (2), (c) (3) (sentence for armed robbery, a serious violent felony, shall be served in its entirety).

[2] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[3] *Swantner v. State*, 244 Ga. App. 372, 374 (2) (535 SE2d 343) (2000).

[4] Id.

[5] Id.

[6] See *Smith v. Williams*, 277 Ga. 778, 778-779 (1) (596 SE2d 112) (2004).

the seven deadly sins" and that the sentence review board would therefore not review the sentence. Counsel added that he would double-check and relay the information to Carson. The court asked Carson again if he had any questions, to which he replied that he did not.

At the hearing on the motion to withdraw the plea, plea counsel testified that he was a private attorney appointed to represent Carson, and that he had tried over 100 criminal cases. Referring to notes he had taken at the time of the discussions, defense counsel testified that he had many conversations with Carson and his family members before the plea hearing occurred. Counsel said he explained to them that armed robbery is one of the "seven deadly sin(s)," that it carries a mandatory minimum ten-year prison sentence, that it carries a maximum sentence of twenty years to life, that he could be sentenced to anywhere from ten years to life on each count, and that the offenses were "non-parolable" and nonreviewable. Counsel stated that he personally told Carson that the sentence was not eligible for review. Counsel also remarked that he recalled telling the trial court that the sentence was not reviewable, and that after the plea hearing he double-checked the law and then reiterated to Carson that the sentence was not reviewable. He sent Carson a letter informing him of the law, and stating that he would not file a sentence review request because Carson was not eligible for sentence review despite the trial court's comment that he could request a review of the sentence. At the hearing on his motion to withdraw the plea, Carson testified that defense counsel never mentioned parole or sentence review. He later testified that defense counsel told him the prison is overcrowded and he was "quite sure" Carson would be paroled. When asked by the court how he knew anything about sentence review, Carson replied that he heard about it from other inmates and then asked defense counsel about it. He admitted that defense counsel informed him his sentence would not be eligible for review.

After hearing the testimony, the trial judge specifically found that defense counsel's testimony was more credible than Carson's, and she stated at length her reasons for that finding. The determination of witness credibility is within the trial court's discretion.[7] Carson has not shown his attorney's performance was deficient.[8]

2. Carson contends that but for counsel's deficiency in informing him about parole and sentence review, he would not have pled guilty.

---

[7] See *Swantner*, supra.

[8] See generally *Schlau v. State*, 282 Ga. App. 460, 463 (5) (638 SE2d 895) (2006).

His failure to show any deficiency makes it unnecessary for us to address the issue of whether he was prejudiced by the alleged deficiency.[9]

Judgment affirmed. Phipps and Mikell, JJ., concur.

DECIDED JUNE 26, 2007.

Leslie E. Habachy, for appellant.

Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney, for appellee.

---

[9] See Jackson v. State, 248 Ga. App. 7, 10 (4) (545 SE2d 148) (2001) (insufficient showing on one prong of Strickland test renders consideration of other prong unnecessary).