S97A0772. MARTIN v. THE STATE.

(492 SE2d 223)

</div>

HINES, Justice.

Kendrick Martin pled guilty to the malice murder of Roland Wilson, and to one count of theft by receiving stolen property, and to one count of possession of cocaine.[1] He appeals the denial of his motion to withdraw his guilty pleas and contends the court should have granted the motion because his counsel was ineffective, resulting in manifest injustice and pleas that were not knowingly and voluntarily entered. See *State v. Evans,* 265 Ga. 332, 336 (3) (454 SE2d 468) (1995); Uniform Superior Court Rule 33.12.

To prevail on a claim of ineffective assistance of counsel in the

---

[1] The crimes of theft by receiving stolen property and possession of cocaine occurred August 28, 1993, and Martin was indicted for those on December 2, 1993. Wilson was murdered on October 25, 1993, and on July 15, 1994, Martin was indicted for malice murder, felony murder, armed robbery, aggravated assault, and possession of a firearm by a first offender probationer. On July 18, 1994, he pled guilty to malice murder, theft by receiving stolen property, and possession of cocaine, and was sentenced to life in prison for malice murder, one year for theft by receiving stolen property, to be served concurrently with the murder sentence, and one year for possession of cocaine, also to be served concurrently with the murder sentence; an order of nolle prosequi was entered on the other charges. Martin's motion to withdraw his guilty plea was denied October 9, 1995. He filed a notice of appeal on November 8, 1995, but the appeal was dismissed by the trial court on January 11, 1996, for want of prosecution. The trial court reinstated the appeal on June 12, 1996. His appeal was docketed in this Court on February 18, 1997, and submitted for decision on April 14, 1997.

context of a guilty plea, Martin must show counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, absent counsel's errors, he would not have pleaded guilty. *Tarwater v. State*, 259 Ga. 516, 517 (383 SE2d 883) (1989). A court's finding that counsel has rendered effective assistance will be affirmed unless it is clearly erroneous. *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996).

Martin argues counsel erred in not interviewing witnesses, in not seeking ballistics tests of the gun carried by Martin, and in failing to file motions or request pretrial hearings. However, Martin was apprehended in Tennessee some time after the murder and no evidence was presented to show the gun that fired the fatal shot was available for testing. The only mention in the record of a .22 caliber gun, which is the size that matched the fatal bullet, was that such a gun had been destroyed before the plea hearing. Counsel did file a motion to sever Martin's trial from that of his codefendants and to suppress their statements against him, and Martin did not show the trial court why further motions or pretrial hearings would have been warranted or might have changed the situation Martin faced.

Counsel testified he had not interviewed witnesses because he had full access to the State's file and saw no indication in witness statements or police reports that any witness held information that could assist in defending the murder charge. Counsel spoke with the attorneys representing two codefendants and learned that they would testify Martin fired the fatal shot and was the only one of the assailants who carried a .22 caliber gun. Codefendants' testimony and statements, as well as Martin's own custodial statement, would show the men approached Wilson intending to rob him and counsel decided any claim of self-defense based on Wilson's reaching into his pocket was not viable. Counsel advised Martin that his chance of being convicted of, and sentenced for, all charges was high. Martin recognized that he had a difficult choice and chose to accept the plea agreement the State offered.

The court found there had been no showing of how interviewing prospective witnesses would have produced a situation different from the one Martin faced, or that he would have insisted on a trial if counsel had taken any of the actions Martin now contends should have been taken. The court's determination that counsel was not ineffective is amply supported by the record and is not clearly erroneous.

Nor does the evidence support Martin's claim that his pleas were not knowingly and voluntarily entered. At the plea hearing, the court enumerated the rights Martin would relinquish by pleading guilty, explained the consequences of the pleas, and ascertained that Martin was entering his pleas free of the influence of threat or promise,

understood his rights, and had no questions. The factual basis for the pleas was put on the record and Martin stated he was in fact guilty of the crimes. After the State recommended that Martin be sentenced to life in prison and two concurrent terms of one year, he repeated that he wished to plead guilty. The court adequately resolved on the record that Martin entered his pleas voluntarily and with an understanding of the nature of the charges and the consequences of his pleas. See *Green v. State*, 265 Ga. 263 (1) (454 SE2d 466) (1995).

Martin has not shown that withdrawal of his pleas was necessary to correct a manifest injustice, and it was not error to deny his motion to withdraw his guilty pleas.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 3, 1997.

*Karen B. Williams,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Desiree S. Peagler, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Deborah L. Gale, Assistant Attorney General,* for appellee.