## A98A1305. BATTLE v. THE STATE.
(505 SE2d 573)

ANDREWS, Chief Judge.

Andre Ramon Battle appeals from the judgment entered after he pled guilty to one count of cruelty to children and one count of simple battery. Battle argues on appeal that the trial court erred in denying his motion to withdraw his guilty plea because it was made after the trial court refused to appoint him a different attorney, the plea was not freely and voluntarily made, he was denied effective assistance of counsel, and there was insufficient evidence to support the plea. We find no merit to these arguments and affirm the judgment of the trial court.

1. There was a sufficient factual basis to support the guilty plea. Uniform Superior Court Rule (USCR) 33.9 requires the trial court to satisfy itself on the record that there is a factual basis for the guilty plea before entering judgment on the plea. *State v. Evans*, 265 Ga. 332 (454 SE2d 468) (1995). Contrary to Battle's assertion, there is no requirement that the elements of the crime be proven beyond a reasonable doubt. *King v. Hawkins*, 266 Ga. 655, 656 (469 SE2d 30) (1996). Rather, the court must satisfy itself subjectively that the pleader knows both what he has done and that those acts constitute the crime with which he is charged. Id.

Here, the prosecutor's evidence against Battle was discussed in great detail during the hearing on a motion in limine, prior to Battle's decision to plead guilty. The record shows that Battle was charged with simple battery after he beat Sandra Battle, his girlfriend, because he thought she lied to him about paying a bill. Three days later he severely beat her three-year-old son because the child was coughing and would not stop. The prosecutor said Sandra Battle was willing to testify at trial that Battle had beaten her and the child. The prosecutor stated she would call the foster mother who took care of the little boy after the beating. The foster mother's statement, which appears in the record, describes the little boy as having severely swollen eyes for days after the beating and bumps all over his head. The prosecutor also stated that she intended to introduce at trial similar transaction evidence of Battle's prior assaults on girlfriends.

In addition, the plea hearing transcript shows sufficient facts from which the trial court could determine that Battle knew what he was accused of doing and knew that those acts constituted the crimes with which he was charged. *Towns v. State*, 228 Ga. App. 267, 269 (491 SE2d 597) (1997). Therefore, the State presented a sufficient factual basis to comply with USCR 33.9.

2. Next, Battle contends the trial court erred in denying his motion to withdraw his guilty plea because the court had refused to

appoint new counsel to represent him. Battle argues that because the trial court refused to appoint new counsel for him, he was forced to plead guilty to the charges.

We note at the outset that the trial court did not err in refusing to appoint new counsel. "The essential aim of the Sixth Amendment is to guarantee effective assistance of counsel, not to guarantee a defendant preferred counsel or counsel with whom a 'meaningful relationship' can be established." *Cotton v. State*, 223 Ga. App. 288, 289-290 (477 SE2d 425) (1996), citing *Wheat v. United States*, 486 U. S. 153, 159 (108 SC 1692, 100 LE2d 140) (1988) and *Morris v. Slappy*, 461 U. S. 1, 13-14 (103 SC 1610, 75 LE2d 610) (1983).

Battle argues on appeal that criminal defendants have a constitutional right to be defended by counsel of their own choosing when possible. Battle also cites case law which states that a court cannot force a criminal defendant to accept counsel and deny a defendant's request to conduct his own defense. This avails Battle nothing as the transcript is clear that Battle did not request counsel of his own choosing nor was he denied the right to represent himself. Battle requested that the court discharge his present trial counsel and appoint another. The trial court, after inquiring into defense counsel's efforts on behalf of his client, determined that counsel had prepared adequately to defend Battle at trial and told Battle he could either accept the services of his appointed counsel or represent himself. This was not error. *Durham v. State*, 185 Ga. App. 163, 164 (363 SE2d 607) (1987).

3. Battle's guilty plea was freely and voluntarily made. An unconditional guilty plea waives any defenses and objections on appeal except whether the plea was voluntarily made by the appellant and accepted by the trial court after proper inquiry. *Mims v. State*, 201 Ga. App. 277, 279 (410 SE2d 824) (1991). The State may meet its burden of showing that the plea was voluntarily entered in one of two ways: (1) by showing from the record of the guilty plea hearing that the defendant was cognizant of the rights he was waiving and the consequences of the plea, or (2) by filling a silent record by use of extrinsic evidence that affirmatively shows the guilty plea was knowingly and voluntarily made. *Wood v. State*, 190 Ga. App. 179, 180 (378 SE2d 520) (1989).

Here, the record shows that Battle was aware of the rights he was waiving and of the consequences of his plea. The trial court asked Battle if his lawyer had explained the charges against him, if he understood that he had a right to a jury trial if he pled "not guilty," and if he understood that he would be giving up this right if he pled guilty. Battle replied with a "yes" to each of these questions. The court also questioned Battle as to whether he had a chance to discuss his case thoroughly with his lawyer, whether his lawyer had

discussed the facts and law of the case with him and advised him about the case. Battle replied "yes" to each of these questions.

Therefore, the State was able to show by the record that Battle was cognizant of the rights he was waiving and aware of the consequences of pleading guilty to the charges. The trial court did not err in finding the plea was voluntarily and intelligently made.

4. Battle also claims he was denied effective assistance of counsel. "To prevail on a claim of ineffective assistance of counsel in the context of a guilty plea, [Battle] must show counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, absent counsel's errors, he would not have pleaded guilty. A court's finding that counsel has rendered effective assistance will be affirmed unless it is clearly erroneous." (Citations omitted.) *Martin v. State*, 268 Ga. 584-585 (492 SE2d 223) (1997). Further, Battle must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. *Snyder v. State*, 201 Ga. App. 66, 69 (8) (410 SE2d 173) (1991).

Battle contends that trial counsel was ineffective because of the conflict between Battle and his counsel at the time the plea was taken and because counsel failed to investigate, failed to develop a defense and failed to be an advocate for him. The record shows that any conflict existing between Battle and his counsel was a result of Battle's refusal to cooperate with his trial counsel.

As to Battle's contention that counsel failed to be an effective advocate, the record shows that defense counsel met with Battle at the jail, assigned an investigator to interview the victim and the witnesses, argued effectively at the pretrial motion hearing and, as Battle himself stated during the taking of the plea, discussed thoroughly with him the law and facts of his case and advised him of his rights.

Battle was not denied effective assistance of counsel. The trial court did not err in denying Battle's motion to withdraw his guilty plea.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 28, 1998.

*John A. Pickens*, for appellant.

*J. Tom Morgan, District Attorney, Jacqueline S. Hardy, Barbara B. Conroy, Assistant District Attorneys*, for appellee.