## A99A2047. McCLOUD v. THE STATE.
### (525 SE2d 701)

McMURRAY, Presiding Judge.

Defendant now appeals the denial of his motion to withdraw his guilty pleas to two counts of child molestation, which are based on a showing that defendant sexually molested his young stepchild. These pleas were entered after the trial court rejected defendant's request to plead guilty, without having to admit any wrongdoing, under the procedure set forth in *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162). *Held*:

1. Defendant contends that his court-appointed attorney ineffectively failed to investigate his case, prepare for trial, or provide defendant with sufficient opportunity to review certain evidence. Defendant claims that these deficiencies prevented him from freely and voluntarily entering his guilty pleas.

To prevail on his ineffective assistance of counsel claim, defendant had to convince the trial court to disregard the strong presumption that his trial attorney provided him with effective assistance. Defendant also had to prove to the trial court that his attorney's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for defense counsel's errors, defendant would not have pleaded guilty. *Battle v. State*, 234 Ga. App. 143, 145 (4) (505 SE2d 573); *Edmond v. State*, 214 Ga. App. 707, 708 (2) (448 SE2d 775). Defendant carries an even heavier burden on appeal because the trial court's finding on these issues will not be disturbed absent a showing of clear error. *Martin v. State*, 268 Ga. 584, 585 (492 SE2d 223).

In the case sub judice, defendant's trial attorney testified that he began consulting with defendant more than two months before the guilty plea hearing; that he interviewed two potential defense witnesses during this time (defendant's adult male friend and defendant's wife, the victim's mother); that he reviewed the victim's video-recorded statement; that he copied and examined the State's file; that he assigned investigators to contact defendant's first lawyer; and that he advised defendant as to the consequences of a letter wherein the victim recants his claims against defendant. This testimony, and the strong presumption that defendant's trial attorney provided effective assistance, authorizes the trial court's finding that defendant was provided with effective assistance of counsel. *Battle v.*

*State*, 234 Ga. App. at 145 (4), supra.

2. Defendant next contends that he did not voluntarily, freely, and knowingly enter his guilty pleas.

> "After a prisoner raises the question of the validity of his plea of guilty, the burden is on the state to show that the plea was intelligently and voluntarily entered. The state may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." *Roberts v. Greenway*, 233 Ga. 473, 475 (211 SE2d 764) (1975). Whether to allow the withdrawal of a voluntarily, intelligently entered guilty plea after the pronouncement of sentence is within the sound discretion of the trial court. *State v. Germany*, 246 Ga. 455, 456 (271 SE2d 851) (1980).

*Holman v. State*, 236 Ga. App. 111, 114 (2) (511 SE2d 240).

In the case sub judice, before the trial court took defendant's guilty pleas, the State's attorney outlined its case against defendant. Defendant was present during this presentation. The trial court then asked defendant a series of questions concerning the knowing and voluntary nature of defendant's proposed guilty pleas. The trial court specifically asked defendant whether defendant's lawyer had explained the charges against him, whether he understood the rights he was giving up by pleading guilty, and whether he had a chance to thoroughly discuss his case with his lawyer. Defendant answered all of these questions affirmatively. He also affirmed that no one had threatened or promised him anything in exchange for his guilty pleas. And he finally affirmed that he understood the maximum sentences he could receive for pleading guilty to two counts of child molestation and that he understood the State's recommended sentences. The record thus shows that defendant knowingly and voluntarily entered the guilty pleas. Defendant's testimony (at the hearing on his motion to withdraw his guilty pleas) that he did not understand what he was doing when he entered the guilty pleas in question presented a credibility question for the trial court. *Manues v. State*, 232 Ga. App. 454, 455 (501 SE2d 826). The trial court did not abuse its discretion in rejecting this testimony and denying defendant's motion to withdraw his guilty plea.

3. Since defendant pleaded guilty after the trial court refused his request to enter the guilty pleas without admitting guilt, defendant cannot complain that the trial court erred in refusing to accept his

guilty pleas under the procedure set forth in *North Carolina v. Alford*, 400 U. S. 25, supra. No matter how erroneous a ruling may be, a defendant may not submit or acquiesce in the ruling, and then complain about it on appeal. *Boatright v. State*, 192 Ga. App. 112, 116 (5) (385 SE2d 298).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 12, 1999.

*Lynch, Spears & Shuman, John H. Tarpley*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Maria Murcier-Ashley, Lawrence Delan, Assistant District Attorneys*, for appellee.