A11A2239. BAILEY v. THE STATE.
(723 SE2d 55)

ADAMS, Judge.

A grand jury indicted Antonio Orlando Bailey on two counts of aggravated battery and one count each of aggravated assault, battery, criminal damage to property and obstructing an officer stemming from an April 18, 2010 attack upon Brittany Smith and her mother, Sharon Glover. On November 30, 2010, Bailey entered a negotiated plea of guilty to one count each of aggravated assault, aggravated battery, and battery and was sentenced to fourteen years, with eight years of imprisonment. The remaining charges were dismissed. Bailey filed a timely, pro se motion to withdraw his guilty plea on December 8, 2010, alleging ineffective assistance of counsel. Bailey was assigned new counsel, who represented him at the hearing on his motion to withdraw. The trial court subsequently denied the motion, and Bailey appeals.

"After sentence is pronounced, whether to allow the withdrawal

---

[16] 182 Ga. App. 485 (356 SE2d 94) (1987).
[17] Id. at 486 (1).
[18] Id.

of a guilty plea lies within the trial court's sound discretion, and we review the trial court's decision for manifest abuse of that discretion." (Citation and footnote omitted.) *Weeks v. State*, 260 Ga. App. 129 (578 SE2d 910) (2003). Moreover, "[o]n a motion to withdraw a guilty plea, the trial court is the final arbiter of all factual issues raised by the evidence." (Citation and punctuation omitted.) *Caudell v. State*, 262 Ga. App. 44, 45 (1) (584 SE2d 649) (2003). Because Bailey based his motion on a claim of ineffective assistance of counsel, the trial court was required to apply the two-prong test set out in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), which asks whether counsel's performance was deficient and, if so, whether this deficiency was prejudicial to the defendant. Although the State generally bears the burden of establishing the validity of a plea on a motion to withdraw, Bailey bears the burden in this case of establishing his claim of ineffective assistance of counsel. *Brown v. State*, 280 Ga. App. 767, 771 (1) (634 SE2d 875) (2006) (on motion to withdraw based upon ineffective assistance of counsel, "defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial"). "Defendant carries an even heavier burden on appeal because the trial court's finding on [the issue of ineffective assistance of counsel] will not be disturbed absent a showing of clear error." (Citation omitted.) *McCloud v. State*, 240 Ga. App. 335 (1) (525 SE2d 701) (1999).

Bailey was represented by attorney Kevin Schumaker of the public defender's office when he entered his guilty plea. The trial court reviewed the terms of the negotiated plea with Bailey at that time, and the potential sentences for the charges against him if he chose to go to trial. In response, Bailey initially indicated that he wanted to go forward with a jury trial but later stated that he was unhappy with his attorney's pre-trial preparation. Subsequently, Bailey agreed to the negotiated plea. The trial court then reviewed the facts supporting the charges, which Bailey affirmed, and confirmed that Bailey had discussed the charges and his potential defenses with Schumaker. Bailey also signed a statement detailing the rights he was relinquishing by entering his guilty plea, and the trial court confirmed that Schumaker reviewed the form with Bailey and that Bailey understood it. The court invited any questions or comments from Bailey about the form and/or the plea, but Bailey indicated that he had none.

In his pro se motion to withdraw his guilty plea, however, Bailey asserted that he was forced into taking the plea and did not have the opportunity to review his indictment or prepare for trial with Schumaker. Bailey stated that Schumaker was ineffective in failing to make an adequate investigation of the case or to contact him prior

to the day of trial. Bailey asserted the same arguments at the motion hearing, but also testified that the State had made a prior plea offer of a ten-year sentence with three years to serve. Bailey said he learned about this offer in May 2010 from Ken Martin, whom Bailey at first described as an investigator for the public defender's office, but whom he later indicated was the lawyer assigned to him for his commitment hearing. Bailey told Martin that he was not ready to accept the State's offer at that time because he wanted to speak with his "appointed lawyer," but at that time, no lawyer had yet been assigned to represent him at trial.

Schumaker was later assigned to represent Bailey. Bailey said that Schumaker never responded to his repeated attempts to contact him regarding the May 2010 plea offer. Although Bailey said that he did not see Schumaker until he entered his guilty plea on November 30, 2010, he also acknowledged that he spoke with Schumaker on at least one other occasion, at his October 2010 arraignment, where they discussed the State's plea offer. Bailey said Schumaker "misled" him at that point by indicating that the ten-year sentence offer was still available, even though the prosecutor indicated at the arraignment that the State was now offering a longer sentence. Bailey argued at the motion hearing that he should have been allowed to withdraw his guilty plea based upon his trial counsel's lack of contact, preparedness, and availability to discuss the earlier plea, which he asserted was ineffective assistance of counsel.

After hearing Bailey's testimony and the arguments of counsel, the trial court found that Bailey "was properly advised of his constitutional rights and that [he] freely and voluntarily entered his plea of guilty to these charges." The court further found "that there was no ineffective assistance of counsel, that counsel announced ready for trial, was prepared to go forward with trial" and that Bailey failed to establish the first prong of an ineffective assistance of counsel claim under *Strickland v. Washington*. The trial court accordingly denied Bailey's motion to withdraw his plea.

On appeal, Bailey cites only Schumaker's unavailability to discuss the May 2010 plea offer as the basis for his claim of ineffective assistance of counsel. In order to establish his claim of ineffective assistance of counsel

> [i]n the context of the plea bargain process, the defendant must demonstrate that, but for counsel's deficient performance, there is a reasonable probability that he would have accepted the State's plea offer. The requisite reasonable probability standard demands a showing that there is some indication that the defendant was amenable to the offer made by the state.

(Citations and punctuation omitted.) *Johnson v. State*, 289 Ga. 532, 535 (712 SE2d 811) (2011). See also *Brown v. State*, 280 Ga. App. at 771 (1).

Here, Bailey made no mention of any prior plea offer at the time he accepted the State's November 2010 offer of fourteen years, with eight to serve. Rather, he represented to the trial court that he had discussed the November 2010 plea offer with his attorney, that he fully understood that offer and that he wanted to accept it. Additionally, Bailey failed to mention the earlier offer in his initial motion to withdraw that plea. In fact, the record reflects that the first time Bailey mentioned such an offer was in his testimony at the hearing on his motion to withdraw. The State apparently had no notice of this claim prior to the hearing and presented no evidence in response.[1] Accordingly, Bailey's testimony is the only evidence of the May 2010 offer. Nevertheless, the trial court was not required to accept as true Bailey's claim that he would not have accepted the November 2010 offer if he had discussed the earlier offer with Schumaker. See *Norwood v. State*, 311 Ga. App. 815, 818 (717 SE2d 316) (2011) (issues of credibility on a motion to withdraw a guilty plea are for the trial court to resolve); *Bielen v. State*, 265 Ga. App. 865, 868 (1) (595 SE2d 543) (2004) (court not required to accept as true defendant's claim that he would not have pled guilty but for attorney's deficiency); *McCloud v. State*, 240 Ga. App. at 336 (2).

We find no clear error in the trial court's finding that Bailey's testimony was insufficient to establish his claim of ineffective assistance of counsel. Schumaker had not yet been appointed to the case when Bailey learned from Ken Martin that the State was offering a plea deal of ten years, with three to serve. Although Martin apparently was an attorney, Bailey told him that he was not ready to accept the State's offer. Thus, Bailey chose not to rely upon any advice Martin could have offered in connection with the plea and chose not to accept the offer at that time. The record is silent, however, as to whether the State held the offer open and thus whether the offer even existed when the public defender's office

---

[1] Over four months after Bailey appealed the trial court's ruling, the State filed a motion, pursuant to OCGA § 5-6-41 (f), to amend the trial court record with affidavits presenting new evidence regarding the attorneys from the public defender's office and prior plea negotiations in this case. The trial court granted the motion and the appellate record was supplemented with these filings. But we know of no authority authorizing us to consider assertions of fact or evidence that were not before the trial court at the time it made its ruling, especially where such evidence was not tendered until after the notice of appeal was filed. See generally *Demetrios v. State*, 246 Ga. App. 506, 510 (3), n. 14 (541 SE2d 83) (2000) ("It is an ancient and honored tenet of law that we do not take evidence from the briefs of parties, we do not get evidence from outside the record, and we do not accept assertions of fact or evidence which were not before the trial court. [Cit.]") (punctuation omitted). Accordingly, we will not consider the State's post-appeal evidence.

subsequently assigned Schumaker to represent Bailey. It is well settled that the State may withdraw an unaccepted plea offer at any time unless it has agreed otherwise. *Scott v. State*, 302 Ga. App. 111, 115 (690 SE2d 242) (2010). Without demonstrating whether or not the State's initial offer remained in effect, Bailey cannot establish that Schumaker acted unreasonably in failing to discuss the matter with him, nor can he demonstrate how that failure prejudiced him. And although Bailey asserted that Schumaker misled him about the status of the ten-year offer at the October 2010 arraignment, he never testified that he was ready to accept that offer at that time, or, indeed, at any time. Even as late as November 30, 2010, Bailey evidenced an intent to go to trial, although he later changed his mind. Thus, Bailey cannot show how he was prejudiced by any such misleading statement by Schumaker. Further, Bailey does not contest Schumaker's trial preparation on appeal and has not shown that Schumaker wrongly advised him concerning the terms of the negotiated plea that he accepted on November 30, or that his counsel fell below an objective standard of reasonableness in representing him at the plea hearing. Accordingly, we cannot say it was clear error for the trial court to deny Bailey's motion to withdraw.

This case is distinguishable from *Johnson v. State*, upon which Bailey relies. In that case, the evidence showed that the public defender appointed to represent Johnson at trial was aware of an outstanding plea offer from the State but failed to discuss the matter with Johnson until after the attorney should have known that the offer had expired.[2] *Johnson*, 289 Ga. at 535. Moreover, the attorney failed to inform Johnson in a timely fashion that if he rejected the plea offer, he faced a mandatory life sentence if convicted and further failed to investigate Johnson's claimed alibi defense before the offer expired. When the attorney investigated, he could find no witnesses to support Johnson's claim of alibi. Id. at 533-534. The Supreme Court of Georgia found that Johnson had not received reasonable representation during the plea bargaining process, and thus that Johnson had established the first prong of the *Strickland* test. Id. at 534. Here, in contrast, Bailey failed to even establish that the May 2010 plea offer was open at the time Schumaker took over his case. Further, Schumaker fully communicated the November 30, 2010 plea offer that Bailey eventually accepted. Accordingly, Bailey failed to establish ineffective counsel in connection with the plea bargaining process and thus Bailey failed to meet the first *Strickland* prong.

---

[2] The prosecutor's office had a standing policy of holding offers open only until the docket call. Johnson's attorney had recently been employed in the prosecutor's office, and thus was aware of this policy, but he failed to discuss the plea offer until after the docket call. *Johnson*, 289 Ga. at 535.

The *Johnson* case is further distinguishable because the Supreme Court found that Johnson also had established the second *Strickland* prong. The evidence showed that once Johnson was aware of the potential mandatory life sentence and of the problems with his defense, he asked his attorney to contact the State about offering a counteroffer to the State's plea. And when the State rejected Johnson's counteroffer, he immediately instructed his counsel to communicate his acceptance of the State's original offer, but it had expired. The Supreme Court found that this evidence showed that once Johnson was informed of all the pertinent information, he was ready to accept the State's offer and this was sufficient to establish a reasonable probability that Johnson would have accepted the State's offer, but for his counsel's deficiencies. Id. at 535-536. Here, Bailey failed to establish any prejudice arising from his counsel's purported deficiencies because he never indicated any intention to accept the May 2010 offer when he thought it was open.

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED JANUARY 31, 2012.

*Kenneth D. Kondritzer*, for appellant.
*Tracy Graham-Lawson, District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.