**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/**

**March 22, 2013**

# In the Court of Appeals of Georgia

A12A2135. HAZZARD v. THE STATE.

BRANCH, Judge.

Avery L. Hazzard appeals the denial of his motion to withdraw a negotiated plea on the ground that his rights under the Sixth and Fourteenth Amendments were violated because his trial counsel rendered ineffective assistance of counsel.

On May 6, 2009, Hazzard was indicted on a count of possession of cocaine with intent to distribute and two counts of obstruction; he was indicted as a recidivist based on four prior convictions for drug related offenses. Attorney Terry Jackson appeared on behalf of Hazzard and assisted Hazzard in being released on bond. On September 6, 2009, Hazzard was arrested and later indicted on a single count of theft by receiving stolen property; Hazzard was again indicted as a recidivist based on the same prior

convictions. Attorney Marcus Tucker was appointed to represent Hazzard on the theft charge.

On January 28, 2010, the Superior Court of Chatham County conducted a joint preliminary hearing in the two cases at which both counsel appeared on behalf of Hazzard. The State offered 10 years to serve on the drug and obstruction charges with a waiver of the recidivism charge, credit for time served, and the possibility of parole. The trial court and the prosecutor explained that if Hazzard rejected the State's offer, he could go to trial and face a minimum of 10 years to serve and sentencing as a recidivist, which could mean life in prison with no chance of parole. The State also offered a plea on the theft charge of 10 years to serve, to be served concurrent with the drug and obstruction charges, again waiving the recidivist charge. The court explained that Hazzard would face a ten-year sentence on a non-negotiated plea or trial. The court stressed to Hazzard that the choice was his. After discussing his options with both counsel, Hazzard chose to plead not guilty as to all charges.

On February 11, 2010, the trial court entered an order in which the court clarified the sentence that Hazzard stood to receive under the applicable recidivist sentencing law. The court concluded Hazzard was subject to a sentence as long as 40 years or life in prison and that, if the State should prove that the current drug charge

represented his fourth or greater felony conviction, Hazzard would not be eligible for parole.

On May 4, 2010, Hazzard's drug and obstruction case was called to trial.[1] There is no indication of when the theft charge was scheduled for trial. Only Jackson, Hazzard's attorney on the drug case, appeared on his behalf. Hazzard's appointed counsel in the theft case was not present. The court was prepared to select a jury.

At the beginning of the proceedings, the State indicated that its earlier plea offer in the drug and obstruction case was still on the table, and Jackson asked the court to review with Hazzard his possible sentencing as a recidivist in light of the court's February 11 order, which the court did. As a part of that review, the court explained that as a result of the recidivist charge, if the case went to trial on the drug charges Hazzard faced anywhere from 10 to 40 years or life with no possibility parole; the court added that Hazard faced a sentence of 12 months or less each on the two counts of misdemeanor obstruction. At one point, in response to a request by Hazzard for clarification, the court explained that if Hazzard accepted the negotiated plea of ten years on the drug charge, he would be eligible for parole whereas if he was convicted

---

[1] Although the transcript style identifies both cases, the colloquy between the court, the prosecutor, and Jackson shows that the trial scheduled to take place that day was the trial on the drug and obstruction charges.

at trial on that charge and the court chose to sentence him to the minimum sentence of ten years, he would not be eligible for parole. Hazzard explained that as a part of the negotiated plea, the State had offered him credit for his past assistance and cooperation with law enforcement, and he questioned whether he would be receiving that credit. The prosecutor explained that the State's offer to include the possibility of parole was a response to Hazzard's past cooperation.

The trial court and the State then told Hazzard that the State was offering to resolve the pending theft charge, as well, and the court explained the proposed sentence on that charge. After much further explanation, Hazzard was given time to confer with Jackson, following which Hazzard agreed to accept the plea to resolve all pending charges, which the court authorized him to do under *Alford*.[2]

The court then conducted the formal plea hearing. The court explained that Jackson had agreed to "stand-in" for Tucker for the purposes of pleading guilty to the theft charge. The factual basis for the plea to the drug and obstruction charges showed that at 11:30 p.m. one night, an officer attempted to pull over Hazzard's vehicle

---

[2] See *North Carolina v. Alford*, 400 U. S. 25, 37 (91 SC 160, 27 LE2d 162) (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

because he was playing his car stereo very loudly. Hazzard made a turn, and when the officer reached him, he found the vehicle abandoned and still running. That officer and other officers pursued and eventually caught Hazzard, who asked the officers to retrieve the jacket that he dropped while running. Officers found the jacket where Hazzard said it would be and before returning it to him, they searched the pocket and found a prescription bottle in someone else's name. The bottle proved to contain "crack cocaine, five large pieces and eight smaller pieces separated for distribution." Hazzard was allowed to call someone, and without having seen what the officers found, he said into the phone that he was under arrest for possession.

The factual basis for the theft charge was that at 5:00 a.m. one day, a homeowner's son saw people in his father's home who upon being spotted then fled, and the son called the police. An officer in a car responded and saw two individuals in the area, each carrying an electronic device with the cord dragging on the sidewalk. The officer turned his car around, and by the time he did, one person had fled, leaving Hazzard carrying all the equipment, including a laptop computer that the homeowner identified as his. As a result, Hazzard was charged with theft by receiving stolen property.

During the remainder of the plea hearing, Hazzard stated that he was satisfied with counsel and had sufficient time to speak to Jackson about his plea to the theft charge. Hazzard also signed a "Voluntariness Transcript" showing that he understood the waiver of his rights and his plea. The court then sentenced Hazzard on both indictments according to the negotiated plea: 10 years to serve on the drug charge and 12 months to serve on the obstruction charges (concurrent with the drug sentence), with a waiver of the recidivism charge, credit for time served, and the possibility of parole; and ten years to serve on the theft charge, to be served concurrent with the drug and obstruction charges, again waiving the recidivist charge and with the possibility of parole.

On June 28, 2010, Hazzard filed a pro se motion for modification/reduction of sentence in which he alleged ineffective assistance of counsel. On July 29, 2010, Hazzard, now represented by his first appellate counsel, filed a motion to withdraw his plea and a motion to modify his sentence. On May 31, 2011, Hazzard, represented by second appellate counsel, filed an amended motion to withdraw his plea in which he alleged ineffective assistance of plea counsel. Hazzard's attorney also filed an amended extraordinary motion for new trial and an amended motion for modification or reduction of his sentence. A hearing was held on July 12, 2011, following which

6

the trial court denied Hazzard's motions to withdraw his plea and for modification or reduction of sentence. Hazzard's extraordinary motion for new trial was deemed abandoned based on a statement at the hearing by Hazzard's counsel that the motion was not procedurally appropriate.

Hazzard contends the trial court erred by denying his motion to withdraw his plea because Jackson rendered ineffective assistance of counsel. "A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion." *Frost v. State*, 286 Ga. App. 694 (649 SE2d 878) (2007). And when the validity of a guilty plea is challenged, "the state bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily." Id. (footnote omitted.) When the appellant bases his claim to withdraw on ineffective assistance of counsel, however, the burden shifts to the appellant:

> Because [the defendant] based his motion on a claim of ineffective assistance of counsel, the trial court was required to apply the two-prong test set out in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), which asks whether counsel's performance was deficient and, if so, whether this deficiency was prejudicial to the defendant. Although the State generally bears the burden of establishing the validity of a plea on a motion to withdraw, [a defendant] bears the

7

burden in this case of establishing his claim of ineffective assistance of counsel.

(Citation omitted.) *Bailey v. State*, 313 Ga. App. 824, 825 (723 SE2d 55) (2012). Specifically, Hazzard must show "that there is a reasonable probability that, but for defense counsel's errors, [Hazzard] would not have pleaded guilty." (Citations omitted.) *McCloud v. State*, 240 Ga. App. 335 (1) (525 SE2d 701) (1999).

1. Hazzard contends Jackson rendered ineffective assistance of counsel because (i) he failed to investigate the charge of possession, and (ii) he failed to interview alibi witnesses. Hazzard, however, has not offered any argument or evidence to support his general claim of failure to investigate. See Rule 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned."). Furthermore, the record demonstrates that Jackson did investigate the case: he met with Hazzard at least a dozen times, he obtained discovery information from the State, and he prepared Hazzard for his direct testimony and cross-examination. Accordingly, this argument is without merit.

As to his counsel's alleged failure to interview alibi witnesses, Hazzard contends that Jackson should have interviewed his girlfriend and Kenneth Durden. But Hazzard has failed to offer what either witness would have said had they testified. The

8

only purported evidence in the record is an unsworn statement by Durden. And neither witness testified at the hearing on the motion to withdraw the plea. "As a result, [Hazzard] has not demonstrated that there is a reasonable probability he would have insisted on going to trial but for trial counsel's failure to interview any potential witness." (Footnote omitted.) *Trapp v. State*, 309 Ga. App. 436, 439 (2) (710 SE2d 637) (2011).

2. Hazzard contends Jackson was ineffective because he failed to file a motion to suppress regarding the traffic stop. Again, however, Hazzard has failed to offer any argument or citation of authority regarding the validity of the traffic stop. The argument is therefore abandoned. Rule 25 (c) (2). See *Bass v. State*, 309 Ga. App. 601, 608 (4) (710 SE2d 818) (2011) (appellant abandons error "by failing to support it with either legal authority or argument").

3. Hazzard also contends trial counsel was ineffective because during the plea negotiations he failed to obtain a benefit for Hazzard's efforts assisting the police as a confidential informant. But as shown above, as a part of the negotiated plea the State offered the possibility of parole in exchange for Hazzard's assistance. As Hazzard has not shown what could have happened differently with regard to that negotiation, this allegation is without merit.

9

4. Hazzard also argues Jackson was ineffective in representing him on the theft charge by "standing in" for Tucker when Hazzard entered his plea because Jackson knew nothing about the theft charge. But again, Hazzard has not provided any citations of authority or argument about how he was affected adversely by this action. In fact, at the plea hearing, Hazzard stated that he was satisfied that he had sufficient time to speak to Jackson about his plea to the theft charge. Further, the plea enabled Hazzard to resolve both cases simultaneously and obtain a sentence on the theft charge that will run concurrent to the drug charge sentence of the same length, thereby greatly reducing the sentence he would have faced if he had been convicted of all charges against him following a trial.

In sum, Hazzard has failed to carry his burden of showing ineffective assistance of counsel in connection with his *Alford* plea.

*Judgment affirmed. Ray, J., concurs, and Miller, P. J., concurs in judgment only.*