**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 8, 2013**

# In the Court of Appeals of Georgia

A13A1355. PRUITT v. THE STATE.

RAY, Judge.

Landrea Pruitt appeals from the denial of her motion to withdraw a non-negotiated guilty plea, arguing that because her trial counsel rendered ineffective assistance, the trial court's denial was an abuse of discretion. We disagree and affirm.

On May 2, 2011, a grand jury indicted Pruitt on five counts of theft by taking pursuant to OCGA § 16-8-2. The charges stemmed from allegations that Pruitt took funds from related businesses for which she served as a bookkeeper and accounting manager. Her case was tried before a jury, and on October 28, 2011, prior to closing arguments, Pruitt entered a guilty plea on all counts, which the trial court accepted following a hearing. The trial court sentenced Pruitt as a recidivist to twenty years, with seven to serve in confinement and the balance to be served on probation. The

trial court also ordered Pruitt to pay $31,559.61 in restitution and a $1,000 fine. On November 21, 2011, Pruitt timely moved to withdraw her guilty plea, alleging, inter alia, that she received ineffective assistance of counsel. Following a hearing, the trial court denied that motion. Pruitt appeals.[1]

1. As an initial matter, we note that Pruitt's brief fails to comply with our rules. Pruitt has propounded a compound enumeration of error and, as to some issues, has failed to provide record citations or cite to relevant legal authority.

Our requirements for appellate briefs "were created not to provide an obstacle, but to aid parties in presenting arguments in a manner most likely to be fully and efficiently comprehended by this Court; a party will not be granted relief should we err in deciphering a brief which fails to adhere to the required form." (Footnote omitted.) *Currid v. DeKalb State Court Probation Dept.*, 274 Ga. App. 704, 706 (1) (618 SE2d 621) (2005). Pruitt further offers an array of merely conclusory statements in support of the enumeration, which "are not the type of meaningful argument contemplated by [Court of Appeals] Rule 25 (a) (3)." (Citation and punctuation

---

[1] Despite the grant of one extension of time in which to file an appellate brief and a request for a second extension, the State failed to file its brief until more than two months after its deadline to do so. Therefore, we do not consider the State's brief in our analysis.

omitted.) *Towry v. State*, 304 Ga. App. 139, 148 (2) (g), n. 7 (695 SE2d 683) (2010). "[T]his Court will not cull the record in search of error on behalf of a party. Accordingly, if we have missed something in the record or misconstrued an argument, the responsibility rests with counsel." *Burrowes v. State*, 296 Ga. App. 629, 631 (1) (675 SE2d 518) (2009).

2. In her compound enumeration of error, Pruitt alleges, inter alia, that her trial counsel was ineffective in failing to investigate and prepare for the case because trial counsel did not pick up discovery materials until several days before trial, did not speak to certain potential witnesses, and did not consult with Pruitt between arraignment and trial.

"After sentence is pronounced, whether to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and we review the trial court's decision for manifest abuse of that discretion." (Citation and punctuation omitted.) *Bailey v. State*, 313 Ga. App. 824, 824-825 (723 SE2d 55) (2012). Because Pruitt's motion was based on an ineffective assistance of counsel claim, the trial court was required to apply the two-pronged test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 S.Ct. 2052, 80 LE2d 674) (1984) to determine whether counsel's performance was deficient and, if so, whether Pruitt was prejudiced by the deficiency. *Bailey*, supra at

825. "Although the State generally bears the burden of establishing the validity of a plea on a motion to withdraw, [Pruitt] bears the burden in this case of establishing [her] claim of ineffective assistance of counsel." (Citation omitted.) Id. Pruitt had to show the trial court that "there is a reasonable probability that, but for defense counsel's errors, [she] would not have pleaded guilty. [Pruitt] carries an even heavier burden on appeal because the trial court's [factual] findings on these issues will not be disturbed absent a showing of clear error." (Citations omitted.) *McCloud v. State*, 240 Ga. App. 335, 335 (1) (525 SE2d 701) (1999). This Court independently applies the legal principles to the facts. *Suggs v. State*, 272 Ga. 85, 87 (4) (526 SE2d 347) (2000).

At the hearing on her motion to withdraw, Pruitt relied solely on her own testimony, and she did not present other witnesses or call trial counsel to testify. In considering an ineffectiveness claim, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and if trial counsel does not testify, "it is extremely difficult to overcome this presumption." (Footnote omitted.) *Hutto v. State*, 320 Ga. App. 235, 240 (3) (739 SE2d 722) (2013).

Pruitt was represented by retained counsel when she pled guilty. When Pruitt pled, she testified that she understood that she was giving up her rights to have a jury

4

determine her guilt or innocence, that she was admitting to the offenses in the indictment, that she understood the maximum penalties for each count against her, and that she understood that she would be sentenced as a recidivist. She further testified that she had received a notice of habeas corpus rights, that she had reviewed it with her attorney and understood her rights, that she was voluntarily pleading guilty, and that she had not been coerced or pressured in any way.

(a) *Failure to prepare for trial.* Pruitt contends that trial counsel "wholly failed to prepare and investigate" her case such that "the whole proceeding lost its character as a confrontation between adversaries." She argues on appeal that her lawyer did not pick up discovery materials until a few days before trial and thus was not adequately prepared, and that he did not review discovery with her. However, at the hearing on her motion to withdraw her guilty plea, she testified that she was not sure when her lawyer picked up or reviewed the discovery materials. She testified, both at trial and at the hearing on her motion to withdraw her plea, that she had seen all documentary evidence against her and that she saw the State's evidence at trial.

Pruitt presented no evidence at the hearing on the motion to withdraw her plea, nor does she make any argument on appeal, regarding the nature of the evidence she refers to or what it would have shown. Thus, it is impossible for us to know whether

the evidence at issue even was presented at trial. See *Fraser v. State*, 283 Ga. App. 477, 484 (4) (d) (642 SE2d 129) (2007)**.** Further, Pruitt has made no showing as to how her counsel's alleged failure to review the evidence until shortly before trial either prejudiced her trial or influenced her decision to plead guilty. We are not required to address both the deficient performance and prejudice prongs of the ineffective assistance of counsel test if the defendant has made an insufficient showing on either one of them, and "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, supra at 697 (IV). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689 (III) (A).

Further, the record belies Pruitt's claim that counsel was so unprepared that the trial lost its character as a confrontation between adversaries. Trial counsel objected to the State's motion in limine and cross-examined the State's witnesses. On cross-examination, he asked about the operation of the businesses for which Pruitt worked; he elicited testimony showing that the company's owner was often absent, implying that she had authority to sign checks; he showed that the owner could not definitively state which transactions were unauthorized; and he raised the question of whether

6

some of the records used to show that Pruitt had made unauthorized payments to herself were faulty. He also moved, albeit unsuccessfully, for a directed verdict. Thus, we cannot say that the trial court abused its discretion in finding counsel effective on these grounds.

(b) *Failure to speak to potential witnesses*. Although Pruitt argues that trial counsel was ineffective in failing to subpoena witnesses she had suggested, the witnesses did not testify at the motion to withdraw the guilty plea. We note that on appeal Pruitt makes no argument as to how the lack of their testimony prejudiced her case.

Although trial counsel did not testify at the motion to withdraw guilty plea hearing, during the trial itself Pruitt informed the court that there were witnesses she had wanted to subpoena. Pruitt's trial counsel stated that, despite using an investigator and making calls himself, he was unable to contact the witnesses and that Pruitt gave him new contact information at such a late date that he could not reach the witnesses before trial. The trial court asked, "So, it's not due to lack of trying, it's just due to the fact that you're unable to locate them; is that correct?" To which counsel replied, "Yes." Counsel also testified that in his opinion, as a strategic matter, the witnesses Pruitt wished to call would not have provided evidence showing she was

not guilty. He further said that it was his duty to "protect" her and to make a strategic decision that it "may not be beneficial to bring people in, because sometimes the tables can turn very ugly in a criminal case." Rather, he explained that his strategy was to focus on the overall financial disorganization of the company and on Pruitt's own testimony.

Counsel's decision not to call the witnesses was based, in part, on strategy. See *Jones v. State*, 315 Ga. App. 427, 433 (3) (727 SE2d 216) (2012) (decision about which defense witnesses to call is a matter of trial tactics and strategy, and whether that decision is reasonable is a question of law, not fact). Without an affirmative showing that evidence from these witnesses would have supported Pruitt's defense and that the witnesses were not called because of negligent oversight by counsel rather than as a matter of trial strategy, "it is impossible for the defendant to show there is a reasonable probability [that] the results of the trial would have been different." (Citation omitted.) Id. We discern no error.

(c) *Failure to consult adequately with Pruitt.* Pruitt argues on appeal that she did not consult with her lawyer between arraignment and trial. At the the hearing on her motion to withdraw her guilty plea, Pruitt testified that she had no *in-person meetings* with counsel between the time of her arraignment and the time of trial.

8

However, the record indicates that Pruitt did talk with her counsel the week prior to trial at a calendar call and by telephone. Further, at trial, the trial court asked Pruitt if she had had an opportunity to consult with her attorney about whether or not to testify, and she responded, "Yes." She also testified that she had spoken with trial counsel about the witnesses she wanted to call. Further, in asking the court for lenience, trial counsel stated that he had prepared his client for a possible prison sentence, and that he had given her "in-depth" explanations about the legalities or illegalities of money-handling in the context of how her case would play out.

Although Pruitt clearly desired more pre-trial contact with and preparation by her counsel, "[t]here is no magic amount of time which a counsel must spend in preparation for trial in order to provide a client with adequate counsel." (Citations and punctuation omitted.) *Daniels v. State*, 296 Ga. App. 795, 799 (5) (a) (676 SE2d 13) (2009). Also, Pruitt has failed to point to any evidence or defenses that could have been presented had her counsel spent more time talking with her and preparing for the case, and given the lack of testimony from trial counsel, we cannot conclude that the trial court abused its discretion in denying her motion to withdraw her guilty plea on account of ineffective assistance of counsel. See id. at 800 (5) (a).

9

3. As part of the same compound enumeration, Pruitt also argues that various individual errors by counsel should be considered as a whole in assessing ineffectiveness. "Georgia does not recognize the cumulative error doctrine." (Citation omitted.) *Fraser*, supra at 482 (4). Further, as Pruitt offers no citations to the record or to authority on these particular issues, they are abandoned pursuant to Court of Appeals Rule 25 (c) (2).

*Judgment affirmed. Barnes, P. J., and Miller, J., concur.*